

NUMBER 13-20-00344-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

JAMES WILLIAMS,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                Appellee.

---

### On appeal from the 178th District Court
### of Harris County, Texas.

---

## MEMORANDUM OPINION

### Before Justices Benavides, Longoria, and Tijerina
### Memorandum Opinion by Justice Benavides

Appellant, James Williams, attempts to appeal his conviction for aggravated

assault entered in the 178th District Court of Harris County[1]. On June 10, 2020, the trial

---

1 This case is before the Court on transfer from the Fourteenth Court of Appeals in Houston, pursuant to docket equalization order Misc. Docket No. 20-9090 issued by the Supreme Court of Texas.

court sentenced appellant. On July 16, 2020, appellant filed a notice of appeal. On August 20, 2020, the Clerk of this Court notified appellant that it appeared the appeal was not timely perfected. Appellant was further informed the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the Court's directive.

Furthermore, on August 20, 2020, this Court notified appellant's counsel that the trial court's certification indicated the appellant has no right to appeal and ordered counsel to: (1) review the record; (2) determine whether appellant has a right to appeal; and (3) forward to this Court, by letter, counsel's findings as to whether appellant has a right to appeal, or, alternatively, advise this Court as to the existence of any amended certification.

No response has been received or filed by Appellant's counsel.

This Court's appellate jurisdiction in a criminal case is invoked by a timely filed notice of appeal. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Absent a timely filed notice of appeal, a court of appeals does not have jurisdiction to address the merits of the appeal and can take no action other than to dismiss the appeal for want of jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

Accordingly, this appeal is DISMISSED FOR LACK OF JURISDICTION.

GINA M. BENAVIDES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
30th day of December, 2020.

2